*107
SUMMARY ORDER

Yunxia Liu and Lian Jin Wang, both natives and citizens of the People’s Republic of China (“China”), seek review of a September 10, 2008 order of the BIA, vacating the December 1, 2004 decision of Immigration Judge (“IJ”) Margaret Mc-Manus, which granted their applications for asylum. In re Yunxia Liu, Lian Jin Wang, Nos. A097 478 691, A073 162 913 (B.I.A. Sept. 10, 2008), vacating Nos. A097 478 691, A073 162 913 (Immig. Ct. N.Y. City Dec. 1, 2004). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA issues an independent decision on remand from this Court, the Court reviews the BIA’s decision alone. See Belortaja v. Gonzales, 484 F.3d 619, 622-23 (2d Cir.2007). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Petitioners argue that the BIA erred in concluding that they failed to demonstrate eligibility for asylum, withholding of removal, and CAT relief. However, this argument fails where we have previously reviewed the BIA’s consideration of similar evidence and have found no error in its conclusion that such evidence was insufficient to establish an objectively reasonable fear of persecution. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 156-65 (2d Cir.2008). Further, there is nothing in the BIA’s decision compelling the conclusion that it failed to take into account all of Petitioners’ evidence as we “presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise.” See Xiao Ji Chen v. U.S. Dep’t. of Justice, 471 F.3d 315, 337 n. 17 (2d Cir.2006). Although Petitioners assert that the agency failed to accord sufficient weight to agency abused its discretion. See Xiao Ji Chen v. U.S. Dep’t. of Justice, 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to documentary evidence lies largely within the discretion of the agency).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).